UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLAKE STEWARDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:18-CV-958-DRL-MGG |
| CASS COUNTY, *et al.*, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On August 14, 2020, Plaintiff filed the instant Motion to Extend Expert Disclosure Deadlines. [DE 75]. Defendants Randy Pryor, Christopher Titus, and Cameron Biggs (collectively "the Sheriff Defendants") timely filed their response in opposition to Plaintiff's Motion. Despite being afforded ample time to do so, Defendants City of Logansport and Joseph Schlosser filed no response brief leading the Court to conclude that they do not object to Plaintiff's Motion. *See* N.D. Ind. L.R. 7-1(d)(3)(A). Plaintiff's Motion thus became ripe on August 31, 2020, when Plaintiff filed his reply brief. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.

Plaintiff's Motion seeks a fifth amendment to the Court's Rule 16(b) Scheduling Order issued on February 25, 2019.[1] [DE 29]. Once again, Plaintiff asks the Court to extend his expert report disclosure deadline and his rebuttal expert deadline. Of course,

---

[1] Plaintiff sought the first two and the fourth extensions [DE 52, DE 58, DE 68] and the Cass County Defendants requested the third extension [DE 64].

Plaintiff's requested extensions also implicate Defendants' expert disclosure deadline and the overall discovery deadline.

Extensions of case management deadlines are disfavored generally, but are liberally granted upon a showing of good cause as required under Fed. R. Civ. P. 16(b)(4). As this Court outlined in its Order dated June 25, 2020, amending the Scheduling Order for the fourth time ("the Fourth Order"), the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met. [*See* DE 71 at 2 (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995))]. In the Fourth Order, the Court also heightened the standard for future extensions by advising the parties that "no further extensions will be granted absent extraordinary cause." [DE 71 at 3].

Notably, the Court granted the fourth extension even after questioning Plaintiff's due diligence in pursing depositions, which had been one of the primary rationales for the third extension [DE 64 at 2] and the second extension [DE 58 at 2]. [DE 71 at 2–3]. The Court found the unanticipated effects of the COVID-19 pandemic on all litigation ultimately played a role in Plaintiff's failure to complete his depositions in time for his expert to prepare a timely report, but was not persuaded that the full 60-day extension Plaintiff requested was justified. [DE 71 at 3]. As a result, the Court only extended Plaintiff's expert deadline by 45 days and condensed the subsequent deadlines in an effort to fulfill its obligation under Fed. R. Civ. P. 1 to "to secure the just, speedy, and inexpensive determination of [this] action."

In seeking the fourth extension of his expert disclosure deadlines, Plaintiff reported that Defendants' depositions were noticed for July 29–31, 2020. These depositions had been scheduled previously for January and March 2020 but were canceled by Plaintiff. Briefing also revealed a dispute between Plaintiff and the Sheriff Defendants as to whether video footage they produced in discovery was presented in a usable format. [DE 68 at 1; DE 69 at 4]. While the Court did not opine on the usability of the video footage in the Fourth Order, there is no dispute that Plaintiff submitted the video to a vendor for conversion into a format acceptable to Plaintiff.

Now in his instant Motion, Plaintiff argues that extraordinary cause to exists to extend his expert report disclosure and rebuttal expert deadlines an additional 78 days. In support, Plaintiff contends that his retained expert has not had access to the complete realm of discovery due to delays in securing the relevant video footage and in conducting Defendants' four depositions. Plaintiff reports that Defendants' July depositions were reset until October 2020 because of COVID-protection concerns in July. Additionally, Plaintiff indicates that his retained expert "had an encounter with COVID-19 and is behind on his work." [DE 75 at 1].

The Sheriff Defendants oppose Plaintiff's instant Motion claiming that he has not established good cause, let alone the extraordinary cause necessary to justify another extension. They report that they were prepared for the depositions that Plaintiff cancelled in January and March—long before COVID became an issue. They also explain that they made efforts to provide a properly social-distanced deposition environment in July, but that Plaintiff rejected them. Based on Plaintiff's delay of

3

depositions and Plaintiff's submission of the video footage for conversion despite its alleged usability, the Sheriff Defendants argue that Plaintiff is to blame for any delay in discovery—even post-COVID—and should not be rewarded with a fifth extension. The Court agrees.

Plaintiff mistakenly attempts to assign the burden for justifying denial of the instant Motion on the Sheriff Defendants. The movant bears the burden to show good cause based on due diligence when seeking the court's permission to amend a Rule 16(b) Scheduling Order. Indeed, the Court outlined that standard clearly in the Fourth Order before increasing the burden on any movant in this case seeking further amendment of the Scheduling Order. [DE 71 at 2–3]. Therefore, Plaintiff bears the burden to show extraordinary cause to extend his expert disclosure deadlines through his instant Motion. And Plaintiff has not met his burden.

As Plaintiff correctly contends, he was within his rights to cancel Defendants' depositions for any reason or no reason at all. However, such choices in litigation strategy do not automatically support continuing amendments to the Scheduling Order. That is especially true in this case where the Court, through the Fourth Order, put Plaintiff on notice that his due diligence in discovery, even before COVID-19 hit, was a concern for the Court. The Court's concern at the time of the Fourth Order stemmed from Plaintiff's cancellation of the January and March depositions and the dispute over the usability of the relevant video footage. Now, Plaintiff uses the same depositions and video usability issue to secure a fifth extension of his expert disclosure deadlines.

Yet Plaintiff canceled the July depositions and has offered no explanation to the Court as to why the social distancing accommodations available in July could not work. And even if the available social distancing protocols were unworkable, Plaintiff offers no explanation for why the depositions could not be rescheduled before October. Furthermore, while sympathetic to Plaintiff's expert's "encounter with COVID-19," Plaintiff has failed to explain how his expert's "encounter" could have affected preparation of the report when the depositions Plaintiff argues are necessary to complete the report still have not occurred.

Therefore, on the record before the Court, Plaintiff has failed to demonstrate that he could not have met the current expert report disclosure deadline of August 14, 2020, despite his due diligence. *See Tschantz*, 160 F.R.D. at 571. As such, Plaintiff has not demonstrated due diligence sufficient to establish even the good cause necessary to warrant a further extension, much less the extraordinary cause to justify a fifth extension of the expert disclosure deadlines. At some point in time, additional delay implicates the "just, speedy, and inexpensive determination" of the proceeding, and we have reached that point in this matter. *See* Fed. R. Civ. P. 1.

Accordingly, Plaintiff's instant Motion is **DENIED**. [DE 75].

**SO ORDERED** this 3rd day of September 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
