UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAKE STEWARDSON,

    Plaintiff,

v.      CAUSE NO. 3:18-CV-958 DRL

CASS COUNTY *et al.*,

    Defendants.

## OPINION AND ORDER

On March 30, 2021, a jury awarded Blake Stewardson a $1.25 million verdict on his excessive force claim against the Sheriff of Cass County and once-deputy Christopher Titus. Neither party disputes that this verdict makes Mr. Stewardson the prevailing party. Mr. Stewardson requests $347,338.00 in attorney fees and expenses under 42 U.S.C. § 1988. The court grants the motion in part.

## STANDARD

Under 42 U.S.C. § 1988, the prevailing party in a 42 U.S.C. § 1983 action may recover reasonable attorney fees. The parties merely disagree on the amount. Mr. Stewardson says he is entitled to a total of $347,338.00—$253,030.00 for Attorney Duran Keller, $80,055.00 for Attorney Martell Harris, and $14,253.00 in expenses. The defense argues that Mr. Stewardson is entitled to a maximum of $217,370 in attorney fees and $6,339.46 in expenses. The court must determine the reasonable amount.

When calculating attorney fees under federal fee-shifting statutes like § 1988, the analysis begins with the proverbial "lodestar, *i.e.*, the number of hours worked multiplied by the prevailing hourly rates." *Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *see also Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995). Courts operate under the "strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 546. The lodestar originates from "the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). "Market rate" is "the rate that lawyers of similar ability and experience in the

community normally charge their paying clients for the type of work in question." *McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 519 (7th Cir. 1993) (citation omitted). The party seeking fees bears the burden of proving the market rate. *Koch v. Jerry W. Baily Trucking, Inc.*, 2021 U.S. Dist. LEXIS 132353, 6 (N.D. Ind. July 16, 2021) (citing *McNabola*, 10 F.3d at 518). An "attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Rates from other lawyers in the community of "reasonably comparable skill, experience, and reputation" provide the "next best evidence." *Id.* (citations omitted).

Courts have the discretion to exceed the lodestar amount in "rare and exceptional circumstances." *Perdue*, 559 U.S. at 552 (quotations omitted). Factors that go into the lodestar calculation, like a case's complexity or the quality of a lawyer's performance, generally do not justify enhancements. *Id.* at 553. To receive an enhancement, an applicant for fees must provide "specific evidence" that "the enhancement was necessary to provide fair and reasonable compensation." *Id.* (citing *Blum*, 465 U.S. at 899, 901).

DISCUSSION

A. *Attorney Fees.*

Mr. Stewardson argues that his lead counsel, Duran Keller, should be paid at a rate of $600 an hour. Defendants argue that Mr. Keller earned a rate of $450 an hour, his regular billing rate. Mr. Stewardson concedes that Mr. Keller's usual rate is significantly less than $600; in fact, he tells the court that during the span of this case, Mr. Keller billed clients at $400 an hour, only "sometimes up to $450." Mr. Stewardson argues that Mr. Keller's performance in this case justifies a base rate of $600 per hour based on other cases in the area and affidavits from other lawyers. If the court decides $450 is the appropriate rate, he argues that Mr. Keller's "excellent results" in this case justify an enhanced award.

Mr. Stewardson has not demonstrated why the court should disregard the presumption that Mr. Keller's regular rate—indeed, the high end of his regular rate—is appropriate. *See People Who Care*, 90 F.3d 1310. Mr. Stewardson notes that Mr. Keller worked on a contingency basis and explains that a customary

contingency fee award would be roughly 40 percent of a trial verdict, or $500,000 in this case. Contingency fee arrangements present unique considerations to be sure, though here "an enhancement for a contingency would likely duplicate in substantial part factors already subsumed in the lodestar." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *accord Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 641 (7th Cir. 2011). Section 1988 aims to compensate civil rights attorneys to facilitate good work in these lawsuits, but it is not necessarily designed to match the exact outcome in other cases. *See Perdue*, 559 U.S. at 552. Mr. Keller's regular rate provides sufficient compensation here.

Mr. Stewardson next argues that Mr. Keller's excellent results entitle him to an enhanced rate. Mr. Keller succeeded in vindicating Mr. Stewardson's rights and winning a sizeable jury verdict, but the result here is not necessarily the "case[] of exceptional success" that justifies an enhancement. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Mr. Keller achieved a just verdict for his client, along with a sizeable award, but the award was significantly below the amount he requested of the jury [Tr. 562]. $600 an hour would also exceed a common billing rate for even more sophisticated matters. This matter required skill, and Mr. Keller brought that skill to bear, particularly in navigating the case for both compensatory and punitive damages and the injuries Mr. Stewardson claimed, not least tricky on the emotional side. But the liability case was largely achieved by showing the jury the video and getting out of the jury's way. That part of the case was not sophisticated. There is no reason to think that Mr. Keller would not be adequately compensated with a $450 rate.

Nor is there any indication that $450 would be out of line with the prevailing market rate. *See McNabola,* 10 F.3d at 519. The defense provides an example of a similarly experienced civil rights attorney who tracks time at $425 an hour—one well known to this court [238 at 7; 238-6 at ¶ 12].[1] They also cite an attorney in private practice (also known to this court) who has more civil rights litigation experience

---

[1] Notably, the cited lawyer works in Indiana and works "almost exclusively" on § 1983 cases [238 at 7]. She has much more experience in this area than Mr. Keller.

3

in the circuit than Mr. Keller who collects fees at a rate of $450 an hour. Even Mr. Stewardson says $450 is adequate for Mr. Harris [230 at 7], suggesting that the work can be compensated at that rate. Additionally, Mr. Keller points the court to a case in 2022 in which this court found $400 an hour to be an appropriate rate for him. *See Rosen v. MLO Acquisitions, LLC*, No. 4:19-cv39-PPS, 2022 U.S. Dist. LEXIS 15790, 27 (N.D. Ind. Jan. 28, 2022). Mr. Stewardson provides affidavits from other lawyers praising Mr. Keller [229-4, 229-5, 229-6], but none provide a reason that the prevailing rate in similar cases and Mr. Keller's own usual rate will not suffice. $400 might well be the proper rate, but this case presents a certain uniqueness that justifies $450 an hour. The defendants do not dispute that the $450 per hour rate for Mr. Harris is appropriate.

The defense then turns to object to the time calculations. First, they object to any duplicative work by the attorneys. Second, they argue that work done on the summary judgment motion should be excluded because Mr. Stewardson did not prevail. Neither objection warrants a reduction in time.

The defendants argue that Mr. Harris's total fees should be reduced based on unnecessary duplicative work, namely both Mr. Keller and Mr. Harris being present at and preparing for depositions. Courts "may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work, but determining whether work is unnecessarily duplicative is no easy task." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Additionally, "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" with uncertain payoffs. *Id.* (noting it would be "highly atypical" for civil rights attorneys to churn). Here, both attorneys prepped for Mr. Stewardson's deposition and deposed the defendants, and both did at trial as well [240-1 at 13-14]. In this court's experience with sophisticated civil litigation in this day and age, there would be little need for two lawyers to attend a deposition of the plaintiff or defendants in a case so direct in its liability focus. The court thus reduces each billed deposition total by one-half. Mr. Keller has voluntary reduced his

4

hours by 6.6, so the court reduces the fee award for him only by an additional 11.5 hours. Mr. Harris's deposition time is reduced by 20.4 hours.

The defendants also argue that because Mr. Stewardson did not prevail at summary judgment, any time responding to their summary judgment motion should be excluded from the total hours. The baseline for being a prevailing party is the result; "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. Courts should be focused on "the significance of the overall relief obtained by the plaintiff." *Id.* One claim may be pursued under many different theories, *see Lindh v. Murphy*, 96 F.3d 856, 874 (7th Cir. 1996), and plaintiffs don't need to prevail on every theory to recover attorney's fees. The "degree of success on the merits is the most critical factor" in the determination of reasonable fees. *Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 757 (7th Cir. 2022) (quotations and citations omitted). Partial or limited success on the claims may warrant a lower award. *Id.* (citing *Hensley*, 461 U.S. at 435-36).

Here, all the claims related to the same incident and the same officers' treatment of Mr. Stewardson. The claims at summary judgment were not "distinct in all respects from [Mr. Stewardson's] successful claims." *Hensley*, 461 U.S. at 440. Indeed, that they were intertwined led to the summary judgment ruling on both the excessive force and failure to intervene claims. The jury found officers used excessive force and violated Mr. Stewardson's rights. In other words, Mr. Stewardson prevailed on the merits of his claim, or "the resolution of this central issue." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Because summary judgment litigation was still related to the core claims Mr. Stewardson won at trial, hours spent working on summary judgment briefing should be included in the attorney fee award. Therefore, Mr. Keller's time worked should be 367.3 hours, and Mr. Harris's time should total 157.5 hours, thus far.

5

B.  *Expenses.*

Initially, Mr. Stewardson requested $18,200.13 in expenses. After some consultation between the parties, this number was reduced, eliminating some of the disputed expenses, including DVD conversion and focus group costs. Today Mr. Stewardson requests $14,253.00 in expenses.

The defense argues that these costs are unrecoverable. Under 42 U.S.C. § 1988, "expenses for such things as postage, long-distance calls, xeroxing, travel, paralegals, and expert witnesses—are part of the reasonable attorney[] fees." *Heiar v. Crawford Cnty.*, 746 F.2d 1190, 1203 (7th Cir. 1984). These fees include the kinds of costs that are "reasonable out-of-pocket expense[s] that would normally be charged to a fee paying client." *Doe v. Purdue Univ.,* 2023 U.S. Dist. LEXIS 56324, 18 (N.D. Ind. Mar. 21, 2023). The court has discretion over what kinds of expenses are recoverable under § 1988. *See id.* at 17-18 (citing *Se-Kure Controls, Inc. v. Vanguard Prods. Grp.*, 873 F. Supp.2d 939, 944 (N.D. Ill. 2012)). Judges may cut expense amounts if the requests are excessive, albeit considering "the nature of the case and the details of the request." *Kossman v. Calumet Cnty.*, 849 F.2d 1027, 1031 (7th Cir. 1988).

Defendants argue with almost every expense on Mr. Stewardson's itemized list [229-3]. Before getting into detail, they argue that the lack of receipts and documentation bar recovery. Mr. Stewardson initially provided a list and has now provided documentation for the expenses [240-2]. First, the defense argues that airfare for attorneys and staff is not covered under 28 U.S.C. § 1920. The law says otherwise. *See, e.g., Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997); *Thornton v. St. Anne Home of the Diocese of Fort-Wayne-South Bend Inc.*, 2011 U.S. Dist. LEXIS 116373, 7-8 (N.D. Ind. Oct. 3, 2011); *Doe,* 2023 U.S. Dist. LEXIS 56324 at 18. The fees for attorney and paralegal travel in this case are reasonable, as are the certified mail charges.

The defense also objects to the cost of Mr. Stewardson's consulting expert, totaling $1,400.00. Although expert costs can be considered fees in this arena, they are not typically awarded in § 1983 cases. *See Awalt v. Marketti*, 2018 U.S. Dist. LEXIS 86109, 19-20 (N.D. Ill. May 23, 2018); *Thorncreek Apts. I,*

*LLC v. Vill. of Park Forest*, 2016 U.S. Dist. LEXIS 115283, 40-41 (N.D. Ill. Aug. 29, 2016). Congress included expert fees for § 1981 claims in the text of 42 U.S.C. § 1988(c), not § 1983 claims. *See Awalt*, 2018 U.S. Dist. LEXIS 86109 at 19-20. Nor is it clear why this was necessary here. Accordingly, the court excludes the $1,400.00 expert fee.

The court also excludes the $553.70 cost of Mr. Stewardson's hotel room. Though some witness travel costs may be covered, a plaintiff's travel costs are not considered recoverable. *See Calderon*, 112 F.3d at 276; *Williams v. City of Chi.,* 2022 U.S. Dist. LEXIS 59942, 36-38 (N.D. Ill. Mar. 31, 2022). Mr. Stewardson lived proximate to the court (in this division). Additionally, as the defense points out, the court provided a place for witnesses to stay in between testimony, something else Mr. Stewardson claims the hotel room was used for, so the room was not necessary to the litigation and is excluded.

D. *Supplemental Fees.*

Mr. Stewardson's reply included an increased request for 43 hours based on his response to the Rule 59 motion. That brings Mr. Keller's total time to 410.3 hours. The court grants the requests for additional fees, but only at the $450 per hour rate.

## CONCLUSION

Accordingly, the court GRANTS IN PART the motion for attorney fees in the amount of $184,635 for Mr. Keller (410.3 hours x $450), $70,875 for Mr. Harris (157.5 hours x $450), and expenses in the amount of $12,299.30, for a total of $267,809.30 [229]. The court also GRANTS Mr. Stewardson's consent motion for leave to file a longer reply [240].

SO ORDERED.

November 1, 2023                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court